Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon L. Bolanos, Esq.
Sacramento, CA 95814
Ph.  916.446.2800
Fx.  916.446.2828
www.aldonlaw.com

Attorneys for Plaintiff Kevin SINGH

United States District Court

Eastern District of California

| | |
|---|---|
| Kevin SINGH,<br><br>Plaintiff,<br><br>          vs.<br><br>Bank of America, N.A., Recontrust Company, N.A.,<br><br>Defendants. | Case No.<br><br>Verified Complaint for Damages and Injunctive Relief<br><br>**_Jury Trial Demanded_** |

1.   Plaintiff Kevin SINGH ("Plaintiff or Mr. Singh") brings this complaint for damages due to "dual tracking" and other violations of the California Homeowners' Bill of Rights by defendants Bank of America N.A., ("Bank of America") and Recontrust Company, N.A. ("Recontrust").  Jurisdiction is proper because this case involves an amount at issue greater than seventy-five thousand dollars, and there exists complete diversity as between the parties to this suit.

1

2. Plaintiff Mr. Singh took out a loan from Bank of America on October 24, 2005. The loan is secured by a promissory note and deed of trust against his home at 2544 Pheasant Hollow Drive, West Sacramento, Count of Yolo, State of California, APN 045-751-006, within this judicial district.

3. Plaintiff defaulted on this loan when his business faltered after the Great Recession of 2008.

4. Beginning on September 13, 2012, Bank of America initiated negotiations with Mr. Singh toward a loan modification. By letter written on that date, the bank requested certain specific information and provided a deadline to provide that information.

5. Mr. Singh provided the requested information within the specified timeframe. However, he never received any confirmation from the bank regarding the next step in the negotiations. Instead, his repeated inquiries were met with "passing the buck" by bank representatives, who transferred his calls repeatedly to different people in different "departments" within the bank. Ultimately, the response he would receive was that he needed to resubmit the requested information, as it had gotten stale by the passage of time.

6. Then again on December 7, 2012, a day that will live in infamy, Bank of America continued negotiations with Mr. Singh toward a modification of the home loan. Indeed, in a letter from bank representative Larry Hall

written on that date, the bank states that "We are pleased to let you know that you meet the criteria required…for a new modification program recently announced as a result of the U.S. Department of Justice and State Attorneys General national settlement."

7.  The letter goes on to detail what information is needed from Mr. Singh and the deadline to receive the information.  Again, Mr. Singh provided all the required information within the stated timeframes and again, no response or progress was made, and yet again his numerous entreaties and pleas for information were met with the functional equivalent of stonewalling and the classic "run around" until he was ultimately informed that the information provided, which was time-sensitive, had again become stale, requiring him to resubmit same.

8.  Mr. Singh participated in the charade of "re-submitting" the same information requested by the bank no fewer than seven times.

9.  In response, all he received were excuses and statements that the information had been lost, misplaced, or was being handled by someone else in a different department who would ultimately respond once the "paperwork was ready."

10. Of course the paperwork never would be "ready." Instead, on March 29, 2013, defendant, through its third party agent and wholly-owned subsidiary Recontrust Company, N.A. ("Recontrust"), caused to be

1  delivered by certified mail a Notice of Trustee's Sale.
2  The Notice of Trustee's Sale states the home will be
3  sold at auction on **April 22, 2013.**
4  11.  The real property, like all real property, is
5  unique and special to plaintiff such that money damages
6  and legal remedies will be insufficient to compensate
7  him for the loss of his home.
8  12.  Mr. Singh is informed and believes and based
9  thereon alleges that the bank and its wholly-owned
10 subsidiary Recontrust have been at all times engaged in
11 a shell game.  The game essentially involved stringing
12 Mr. Singh along with promises of
13 refinance/modification, and requests for information,
14 all the while moving intently and purposefully toward a
15 foreclosure on his family home.
16 13.  Mr. Singh relied to his detriment on this shell
17 game in the sense that he did not seek alternatives to
18 refinancing with Bank of America, such as short sale,
19 refinancing elsewhere, or the like.  Regardless, as set
20 forth below defendant Bank and its agent Recontrust had
21 and have a duty under California law to negotiate in
22 good faith and to not engage in the prohibited and
23 deceitful practice of "dual tracking" the home loan
24 modification process with foreclosure proceedings.
25
26 ///
27
28

4

**First Cause of Action: Violations of the Homeowners' Bill of Rights**

14. The recently-enacted California law called the Homeowners Bill of Rights States: "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a plan is consistent with its authority." California *Civil Code* § 2923.6(b). If a borrower submits financials toward a loan modification effort, then the servicer/beneficiary/bank shall not conduct a trustee's sale while the application is pending and the servicer must make a written determination that the borrower is ineligible. *Civil Code* § 2923.6(c).

15. Here, Mr. Singh has been actively engaged in loan modification negotiations with the bank while the bank and its third party wholly-owned subsidiary have been taking the necessary steps to conduct a trustee's sale. This is in direct violation of the California Homeowners' Bill of Rights.

16. Also under this new law, the mortgage servicer must establish a single point of contact and provide one or more direct means of communication with the single point of contact. *Civil Code* § 2923.7(a). That contact shall be responsible for communicating the process for foreclosure prevention alternatives and coordinating receipt of all documents associated with same. *Id*. at (b)(1). Further, that point of contact shall have access to all current information and timely

1 provide same to adequately inform the borrower.  *Id.*,
2 (b)(2) and (3).
3 17.  Here, one of Mr. Singh's primary problems is that
4 he cannot obtain a straight answer from any of the
5 bank's myriad number of purported representatives.
6 Instead he has been shuttled from one "department"
7 within the monolithic corporate structure to the next,
8 and invariably the path of communication leads to a
9 wall of frustration.  This is a primary wrong that the
10 new California law was meant to right.

## Second Cause of Action:

## Declaratory Relief

14 18.  Under California law, it is well-settled that real
15 property is unique and that the legal remedy of money
16 damages would be insufficient to compensate Mr. Singh
17 if his home is taken from him.  Stockton vs. Newman
18 (1957) 148 CA 2d 558, *and* Daniels vs. Williams, 125 CA
19 2d 310.
20 19.  Here, Mr. Singh is in danger of being deprived of
21 his home by foreclosure sale on April 22, 2013.
22 Therefore, immediate action is required to prevent this
23 harm.  He respectfully requests an injunction
24 preventing the sale of his home until such time as his
25 case is heard and adjudicated on its merits.

28 ///

6

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays judgment against defendant as follows:

1. For General damages according to proof;
2. For Special damages according to proof;
3. For declaratory relief that Plaintiff is entitled to title in the property free from any security interest;
4. For an equitable accounting of the alleged indebtedness;
5. For prejudgment interest as allowed by law;
6. For attorney's fees;
7. For costs of suit;
8. For such other and further relief as the court may deem proper.

Dated: April 11, 2013

Law Offices of Aldon L. Bolanos, Esq.

***/s/ Aldon L. Bolanos, Esq.***

Aldon L. Bolanos, Esq.
Attorney for Plaintiff Kevin Singh

**<u>Verification</u>**

I, Kevin Singh, am the plaintiff in this action. I have read and reviewed this complaint for damages and injunctive relief and know it to be true of my own personal knowledge. I have provided my attorney with an original of my signature which he has in his possession. I declare same on penalty of perjury under the laws of the United States.

***/s/ Kevin Singh***