UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN SINGH,

    Plaintiff,

    v.

BANK OF AMERICA, N.A., RECONTRUST COMPANY,

    Defendant.

No. 2:13-cv-00729-MCE-AC

**MEMORANDUM AND ORDER**

On April 16, 2013, Kevin Singh ("Plaintiff") filed an "Application for Temporary Restraining Order" ("TRO") seeking a Court order preventing Bank of America ("Defendant") from selling Plaintiff's home on April 22, 2013. (ECF No. 5.) Prior to the TRO hearing, the Court ordered Plaintiff's counsel to notify all other parties of the hearing and file proof of notice. (ECF No. 7.) Plaintiff's counsel complied and filed a Notice of Hearing, but Defendants failed to appear at the April 17, 2013, hearing. (ECF No. 8.) In open court and on the record, the Court granted Plaintiff's request for a TRO, which will remain in effect until the date of the hearing for a Preliminary Injunction which is set for **April 29, 2013 at 10:00 AM**. The Court granted Plaintiff's Request for the TRO for the reasons described below.

///

## STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

///
///
///
///

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

## ANALYSIS

Plaintiff owns real property and improvements thereon located in West Sacramento, California, which is located within the Eastern District of California (hereinafter referred to as "the property" unless specified otherwise). The property was purchased by Plaintiff with a loan obtained through Defendant and evidenced by a promissory note. (ECF No. 5-2.) The promissory note is secured by a deed of trust which is recorded against the property. Plaintiff defaulted on the loan in 2008. (Id.) In 2012, Plaintiff and Defendant began negotiating a modification of the loan that would allow plaintiff to remain current on his obligation. (Id.) During the negotiations, Plaintiff provided Defendant detailed information about Plaintiff's financial situation in exchange for the possibility of a lower monthly payment and interest rate. As stated in open court at the TRO hearing, Defendant has not made a written determination as to whether Plaintiff qualifies for a loan modification. (Id.) Instead, Defendant has repeatedly failed to respond to Plaintiffs inquiries about the status of the loan modification with "passing the buck by bank representatives, who transferred his calls repeatedly to different people in different departments within the bank." (ECF No. 1.) Even though Plaintiff and Defendant were negotiating a loan modification, Defendant went ahead with the foreclosure process.

///

Defendant and other lenders' practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclose process is commonly referred to as "dual tracking." Dual tracking has been heavily criticized by both state and federal legislators. In July 2012, California passed legislation referred to as "The California Homeowner Bill of Rights" which prohibits dual tracking. As of January 1, 2013, "The California Homeowner Bill of Rights went into effect and it offers homeowners greater protection during the foreclosure process. Cal. Civ. Code § 2923.6(b) (2013). Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out a plan if such a modification or plan is consistent with its contractual or other authority." The statute further provides that "if a borrower submits a complete application for a first lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c) (2013).

At the hearing, the Court inquired of Plaintiff's counsel whether Defendant ever responded to Plaintiff's complete application for a first lien loan modification. Plaintiff submitted a Declaration which stated in part, "I never received written notice or confirmation or anything whatsoever to state or indicate that I did not qualify for a loan modification." (ECF No. 10.) Because Defendant has failed to respond to Plaintiff's application for a first lien loan modification after January 1, 2013, section 2923.6 applies to this case and prevents Defendant from conducting a trustee's sale while Plaintiff's application for a first lien loan modification is pending.

Accordingly, Plaintiff has adequately shown he is likely to succeed on the merits in light of California's new Homeowners' Bill of Rights. Plaintiff has also met the remaining factors of the TRO standard. Plaintiff has demonstrated that Plaintiff will suffer "irreparable harm" if he loses his home because "[he] and [his] family will have nowhere to go and nowhere to stay. . . [his] children will need to leave their schools." (ECF No. 5-2.)

Further, the balance of equities tips in Plaintiffs' favor as a TRO merely delays Defendant's right to foreclose.  Finally, an injunction is in the public's interest as it enforces a recently enacted law designed to protect the public.

## CONCLUSION

Accordingly, to preserve the status quo until the hearing on Plaintiff's Motion for Preliminary Injunction can be had, the Court now orders Defendant to cancel the sale scheduled to take place on April 22, 2013.  A hearing on Plaintiff's Motion for Preliminary Injunction is hereby scheduled at **10:00 AM on Monday, April 29, 2013**, in Courtroom 7 before Chief Judge Morrison C. England, Jr.  Plaintiff's Motion shall not be filed later than **April 24, 2013** and Defendant's Opposition shall be filed not later than **April 25, 2013**. Any reply shall be filed not later than **April 26, 2013**.

IT IS SO ORDERED.

DATE:  April 24, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT