1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

KEVIN SINGH,                                    No.  2:13-cv-00729-MCE-AC

12

        Plaintiff,

13

    v.                                          **MEMORANDUM AND ORDER**

14

BANK OF AMERICA, N.A.,
RECONTRUST COMPANY,

15

        Defendant.

16

17

On April 15, 2013, Kevin Singh ("Plaintiff") filed this action against Bank of

18

America ("BoA") and ReconTrust.  Plaintiff's Complaint alleges BoA engaged in loan

19

modification discussions with Plaintiff while ReconTrust simultaneously advanced the

20

foreclosure process in contravention of California's Homeowners Bill of Rights.  On

21

April 17, 2013, the Court granted Plaintiff's Application for Temporary Restraining Order

22

("TRO") preventing Defendant from selling Plaintiff's home on April 22, 2013.  (ECF

23

Nos. 9, 11).  On April 29, 2013, the Court held a preliminary injunction hearing.  At issue

24

was whether Defendant should be enjoined from foreclosing on Plaintiff's home

25

throughout the litigation.  At the hearing, the Court orally GRANTED Plaintiff's

26

Application for a Preliminary Injunction for the reasons described below.  (ECF No. 14.)

27

///

28

///

1

2

**BACKGROUND**

3   ReconTrust is a subsidiary of BoA.  ReconTrust provides mortgage default

4   services to BoA.  Plaintiff owns real property and improvements thereon located in West

5   Sacramento, California, which is located within the Eastern District of California

6   (hereinafter referred to as "the property" unless specified otherwise).  The property was

7   purchased by Plaintiff with a loan obtained through BoA and evidenced by a promissory

8   note.  (ECF No. 5-2.)  The promissory note is secured by a deed of trust which is

9   recorded against the property.  Plaintiff defaulted on the loan in 2008.  (Id.)  In 2012,

10  Plaintiff and BoA began negotiating a modification of the loan that would allow plaintiff to

11  remain current on his obligation.  (Id.)   During the negotiations, Plaintiff provided BoA

12  detailed information about Plaintiff's financial situation in exchange for the possibility of a

13  lower monthly payment and interest rate.  BoA has not made a written determination as

14  to whether Plaintiff qualifies for a loan modification.  (ECF No. 10.)  Even though Plaintiff

15  and BoA were negotiating a loan modification, ReconTrust went ahead with the

16  foreclosure process.

17

18

**ANALYSIS**

19

20  A preliminary injunction is an extraordinary remedy, and Plaintiffs have the burden

21  of proving the propriety of such a remedy by clear and convincing evidence.  See

22  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S.

23  423, 442 (1974).  The party requesting preliminary injunctive relief must show that "he is

24  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

25  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

26  in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20

27  (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).

28  ///

1   Plaintiff's Complaint alleges that the Court has diversity jurisdiction.  In

2   Defendant's Opposition, Defendant argues the Court does not have jurisdiction to hear

3   this suit because the parties are not completely diverse.  (ECF No. 16.)  Under 28 U.S.C.

4   § 1332(a), diversity jurisdiction exists where the amount in controversy exceeds $75,000

5   and no defendant party shares citizenship in the same state as Plaintiff.  Exxon Mobil

6   Corp. v. Allapattah Servs., Inc. 545 U.S. 546, 553 (2005) (citing Strawbridge v. Curtiss,

7   3 Cranch 267, 2 L. Ed. 435 (1806)).  Article III courts are courts of limited jurisdiction,

8   and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life

9   Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests

10  upon the party asserting jurisdiction.  Id.  In BoA's Opposition and at the hearing, BoA's

11  counsel asserted that ReconTrust is a citizen of California which destroys the complete

12  diversity citizenship requirement under 28 U.S.C., section 1332(a).  At the hearing, the

13  Court expressed concern over BoA's lack of admissible proof that ReconTrust's "main

14  office" is located in California.  Regardless, Plaintiff agreed to dismiss Defendant

15  ReconTrust within two days of the hearing to prevent the Court from dismissing the

16  entire case for lack of subject matter jurisdiction.  On April 30, 2013, Plaintiff filed a

17  Notice of Voluntary Dismissal.  (ECF No. 21.)  Now, Bank of America, a citizen of North

18  Carolina, is the remaining Defendant and it is diverse from Plaintiff, a citizen of

19  California.  Thus, the Court has diversity jurisdiction to hear this case.

20  BoA and other lenders' practice of negotiating with homeowners in default on their

21  loans for a loan modification while simultaneously advancing the foreclose process is

22  commonly referred to as "dual tracking."  Dual tracking has been heavily criticized by

23  both state and federal legislators.  In July 2012, California passed legislation referred to

24  as "The California Homeowner Bill of Rights" which prohibits dual tracking.  As of

25  January 1, 2013, "The California Homeowner Bill of Rights went into effect and it offers

26  homeowners greater protection during the foreclosure process.  Cal. Civ. Code

27  § 2923.6(b) (2013).

28  ///

3

1   Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer

2   the borrower a loan modification or work out a plan if such a modification or plan is

3   consistent with its contractual or other authority."  The statute further provides that "if a

4   borrower submits a complete application for a first lien loan modification . . . the

5   mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a

6   trustee's sale, while the complete first lien loan modification application is pending."  Cal.

7   Civ. Code § 2923.6(c) (2013).

8        At the preliminary injunction hearing, Plaintiff maintained that BoA never

9   responded to Plaintiff's complete application for a first lien loan modification.  BoA does

10   not dispute Plaintiff's assertion.  Neither Plaintiff nor BoA provided the Court with any

11   new evidence at the preliminary injunction hearing.  Because BoA has failed to respond

12   to Plaintiff's application for a first lien loan modification after January 1, 2013, section

13   2923.6 applies to this case and prevents BoA from conducting a trustee's sale while

14   Plaintiff's application for a first lien loan modification is pending.

15        Accordingly, Plaintiff has adequately shown he is likely to succeed on the merits

16   in light of California's new Homeowners' Bill of Rights.  Plaintiff has also met the

17   remaining factors of the preliminary injunction standard.  Plaintiff has demonstrated that

18   Plaintiff will suffer "irreparable harm" if he loses his home because "[he] and [his] family

19   will have nowhere to go and nowhere to stay. . . [his] children will need to leave their

20   schools." (ECF No. 5-2.)  Further, the balance of equities tips in Plaintiffs' favor as a

21   TRO merely delays Defendant's right to foreclose.  Finally, an injunction is in the public's

22   interest as it enforces a recently enacted law designed to protect the public.

23        BoA asked the Court to order Plaintiff to make $2,700 monthly bond payments if

24   the Court granted Plaintiff's Application for a Preliminary Injunction.  (ECF No. 16.)

25   Federal Rule of Civil Procedure 65(c) states "the court may issue a preliminary injunction

26   order…only if the movant gives security in an amount that the court considers proper to

27   pay costs and damages sustained by any party found to have been wrongfully enjoined

28   or restrained."  (Emphasis added.)

1   In light of Rule 65, the Court orders Plaintiff to post a $1,000 bond within seven days of

2   the date of the preliminary injunction hearing.

3

4                                              **CONCLUSION**

5

6          Accordingly, the Court GRANTS Plaintiff's Application for a Preliminary Injunction

7   and orders Plaintiff to pay $1,000 bond by **Monday, May 6, 2013**.  (ECF No. 14.)

8   Pursuant to Plaintiff's filing, ReconTrust is dismissed and no longer a Defendant in this

9   case.  (ECF No. 21.)

10          IT IS SO ORDERED.

11   DATE:  May 1, 2013

12

13                                              _____
                                                MORRISON C. ENGLAND, JR., CHIEF JUDGE
14                                              UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   5