Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon L. Bolanos, Esq.
Sacramento, CA 95814
Ph. 916.446.2800
Fx. 916.446.2828
www.aldonlaw.com

Attorneys for Plaintiff Kevin SINGH

United States District Court

Eastern District of California

| | |
|---|---|
| Kevin SINGH,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America,<br><br>Defendant. | Case No. 2:13-CV-00729-MCE-AC<br><br>Memorandum in Support of Motion for Attorneys' Fees<br><br>Date: June 13, 2013<br>Time: 2:00 p.m.<br>Ctrm: 7 (14th Floor) |

**1. <u>Introduction</u>**

At long last, the law has ceased serving the giant banks which nearly destroyed our market-based society with reckless hedges and insured derivatives. Finally, it has turned to those average Americans who have borne the brunt of the "Great Recession" in the loss of their jobs and homes.

1

The California Legislature has led the way with its Homeowners' Bill of Rights. This historic law prevents the nefarious practice of "dual tracking" in which a bank makes gentle but empty overtures about a loan modification while simultaneously taking the steps necessary to foreclose on a home. Notably, under TARP those same banks are reimbursed by the U.S. Government for every dollar lost on the defaulted loan. So they get the property *and* the tax dollars in a grotesque reversal and profit from a crisis they created. Considering that thirty-three cents of every dollar earned by Mr. Singh was paid in taxes, in a very real sense the plaintiff to this case actually paid the defendant to take his home!

Notwithstanding the foregoing, the Homeowners' Bill of Rights is a new dawn. It expressly forbids dual tracking and it shifts the burden of attorneys' fees onto offending banks. Thus, as set forth herein, because plaintiff has obtained injunctive relief he is entitled to recover his fees and costs incurred. The idea is simple: create enough of a "sting" on the banks to dis-incentivize them from engaging in this practice.

**2.   Statement of Facts**

On April 17, 2013, the court granted plaintiff's motion for a temporary restraining order to prevent the imminent sale of plaintiff's home, which was scheduled to take place on April 22, 2013. Dkt. #9. Then on

April 29, 2013, the court granted plaintiff's motion for a preliminary injunction against the sale of the home and ordered plaintiff to post an appropriate bond. Dkt. #20. Plaintiff did post the bond May 6, 2013.[1]

The basis for plaintiff's motion was that defendant bank engaged in clear violations of the California Homeowners' Bill of Rights, which strictly and explicitly forbids the practice of "dual tracking" in which a lender engages in loan modification negotiations with a borrower while simultaneously recording documents toward a non-judicial foreclosure. See Application for Preliminary Injunction, Ex. 1 to Bolanos Declaration, concurrently filed.

In its <u>Memorandum and Order</u>, the court expressly found that "In 2012, Plaintiff and BoA began negotiating a modification of the loan that would allow plaintiff to remain current on his obligation. During the negotiations, Plaintiff provided BoA detailed information about Plaintiff's financial situation in exchange for the possibility of a lower monthly payment and interest rate. BoA has not made a written determination as to whether Plaintiff qualifies for a loan modification. Even though Plaintiff and BoA were negotiating a loan modification, ReconTrust (BoA subsidiary)." <u>Memorandum and Order</u>, p. 2:9-16. The

---

[1] Court receipt number #CAE200052299.

Memorandum and Order are Exhibit 2 to the Bolanos Declaration, concurrently filed.

On this basis, the court concluded that "Plaintiff has adequately shown he is likely to succeed on the merits in light of California's new Homeowners' Bill of Rights." Id., p. 4:15-16.

**3. Law and Argument**

Under the newly-enacted California Homeowners' Bill of Rights, the Legislature provided that any borrower who obtains injunctive relief is a "prevailing party" and is entitled to recover "reasonable attorneys' fees and costs in an action brought pursuant to this section." California *Civil Code* §2024.12(i).

Here, plaintiff is a "prevailing party" because he obtained injunctive relief after exposing Bank of America's nefarious dual tracking. Consequently, he is entitled to an award of his reasonable attorneys' fees and costs incurred.

In calculating reasonable attorneys' fees, courts calculate by using the "lodestar" method and figuring the number of hours expended and multiplied by the reasonable hourly rate. *Ferland v. Conrad Credit Corp*. 244 F. 3d 1145 (9th Cir. 2001). The fee includes all time reasonably and necessarily expended on all phases of the litigation. *Anderson v. Director, Office of Worker's Compensation Programs*, 91 F. 3d 1322, 1325 (9th Cir. 1996).

4

Here, contemporaneous time records are provided and set forth in the concurrently-filed declarations of Messrs. Bolanos, Dauterman, and Roper. Based on those contemporaneous records of non-duplicative, necessary time spent on this crucial issue, plaintiff has incurred attorneys' fees and costs in the amount of $18,700.00 in fees and $1.554.54 in costs.

**4. Conclusion**

For the foregoing reasons, it is respectfully requested that this court award fees and costs incurred to plaintiff in the amount of $20,255.54 in procuring the injunction against the unlawful sale of his home.

Dated: May 6, 2013
Law Offices of Aldon L. Bolanos
**/s/ Aldon L. Bolanos, Esq.**
Attorney for Plaintiff