**BRYAN CAVE LLP**
C. Scott Greene, California Bar No. 277445
Thomas S. Lee, California Bar No. 275706
Michael J. Peng, California Bar No. 260852
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
E-mail: scott.greene@bryancave.com
tom.lee@bryancave.com
pengm@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.<br><br>  Defendants. | Case No. 2:13-cv-00729-MCE-AC<br><br>**ANSWER OF DEFENDANT BANK OF AMERICA, N.A.**<br><br>Action Filed: April 15, 2013 |

Defendant Bank of America, N.A. ("Defendant"), answers the Verified Complaint ("Complaint") of Plaintiff Kevin Singh ("Plaintiff"), and admits, denies, and alleges as follows:

1. Defendant admits the allegations in paragraph 1, but denies all allegations as they pertain to ReconTrust Company, N.A., which is a citizen of the State of California and was dismissed as a defendant by Plaintiff on April 30, 2013, in order to perfect diversity jurisdiction.

2. Defendant denies that Plaintiff took out a loan from Bank of America on October 24, 2005, and on that basis denies each and every allegation in paragraph 2.

3. In responding to paragraph 3 of the Complaint, Defendant admits that Plaintiff defaulted the loan in question. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 3 of the Complaint, and on that basis denies them.

4. Defendant denies that it initiated negotiations with Plaintiff "[b]eginning on September 13, 2012." Defendant admits that it sent Plaintiff a letter dated September 13, 2012, asking for the following documents in order to determine Plaintiff's eligibility for a loan modification: a completed IRS Form 4506-T, Pay Stubs, and Bank Statements for Verification of Receipt of Income. Defendant lacks adequate information to admit or deny the remaining allegations of paragraph 4 of the Complaint, and on that basis denies them.

5. The allegations of paragraph 5 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 5 of the Complaint, and on that basis denies them.

6. The allegations of paragraph 6 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 6 of the Complaint, and on that basis denies them.

7. The allegations of paragraph 7 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 7 of the Complaint, and on that basis denies them.

8. The allegations of paragraph 8 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant

denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 8 of the Complaint, and on that basis denies them.

9. The allegations of paragraph 9 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 9 of the Complaint, and on that basis denies them.

10. Defendant admits that ReconTrust Company, N.A., is a wholly-owned subsidiary of Defendant, that on March 29, 2013 the Notice of Trustee's Sale was sent to Plaintiff, and that the Notice stated that the property would be sold at auction on April 22, 2013. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 10 of the Complaint, and on that basis denies them.

11. The allegations of paragraph 11 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 11 of the Complaint, and on that basis denies them.

12. In responding to paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein

13. The allegations of paragraph 13 of the Complaint constitute legal conclusions and/or argument for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant, Defendant denies those allegations. Defendant lacks adequate information to admit or deny the remaining allegations in paragraph 13 of the Complaint, and on that basis denies them.

## **FIRST CAUSE OF ACTION**
(Violations of the Homeowners' Bill of Rights)

14. In responding to paragraph 14 of the Complaint, Defendant states that Plaintiff mischaracterizes California Civil Code sections 2923.6 (b)-(c). Further answering, Defendant

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

1 states that the statute referred to in paragraph 14 speaks for itself, and to the extent that the
2 allegations contained in paragraph 14 mischaracterize the same, they are denied.

3     15. In responding to paragraph 15 of the Complaint, Defendant denies each and every
4 allegation contained therein.

5     16. In responding to paragraph 16 of the Complaint, Defendant states that Plaintiff
6 mischaracterizes California Civil Code sections 2923.7(a)-(b). Further answering, Defendant
7 states that the statute referred to in paragraph 16 speaks for itself, and to the extent that the
8 allegations contained in paragraph 16 mischaracterize the same, they are denied.

9     17. In responding to paragraph 17 of the Complaint, Defendant denies each and every
10 allegation contained therein.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

13     18. The allegations of paragraph 18 of the Complaint constitute legal conclusions
14 and/or argument for which no response is necessary. Insofar as such allegations are construed to
15 pertain to alleged wrongdoing by Defendant or are otherwise directed against Defendant,
16 Defendant denies those allegations. Defendant lacks adequate information to admit or deny the
17 remaining allegations in paragraph 18 of the Complaint, and on that basis denies them.

18     19. In responding to paragraph 19 of the Complaint, Defendant denies each and every
19 allegation contained therein.

*[Remainder of this page intentionally left blank]*

# AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to each of Plaintiff's claims alleged in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the Complaint and each cause of action therein fail to state facts sufficient to state a cause of action and/or fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of such relief to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

3. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the Complaint, and each cause of action, is barred by reason of actions, omissions, representations and/or courses of conduct engaged in by Plaintiff or other authorized third parties, by which Defendant was led to rely to its detriment, thereby barring under the Doctrine of Equitable Estoppel any causes of action asserted by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff was engaged in conduct that constitutes a waiver of Plaintiff's rights, if any such exist, that Plaintiff alleges were violated. By reason of this waiver, Defendant is excused from the liability alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

5. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant is informed and believes, and upon such information and belief alleges, that by reason of the conduct of Plaintiff, which constitutes a breach of contract, tortious conduct, waiver, unclean hands and/or laches, Plaintiff is estopped to assert any right to relief.

## SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

6. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that Plaintiff's failure to timely and promptly act constitutes laches and therefore bars granting of relief to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

**(Compliance with Applicable Laws)**

7. The claims asserted in the Complaint are barred, in whole or in part, because Defendant acted in compliance with all applicable laws, statutes, and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

**(Consent/Acquiescence)**

8. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that Plaintiff is barred from any recovery against Defendant because Plaintiff and/or his authorized agent consented or otherwise acquiesced to the conduct complained of in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

**(Failure of Conditions)**

9. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that conditions as to any liability of Defendant have failed, and Plaintiff is not entitled to any relief requested in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

10. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the relief requested by Plaintiff should be barred, modified, reduced, changed, offset or setoff to reflect sums and liabilities owed to Defendant by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

11. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, Plaintiff would be unjustly enriched if Plaintiff recovered from Defendant any of the damages alleged in the Complaint on file in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Intentional Acts)

12. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, any injury or damage sustained by Plaintiff, if indeed Plaintiff suffered any injury or damages at all, as alleged or otherwise, was caused and enhanced by Plaintiff's own intentional acts or the acts of his authorized agent; and said acts were intended to produce a result of which Plaintiff could later complain; said acts by Plaintiff caused any injuries and damages which may have been sustained, and shall bar any recovery herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conditions Precedent and Subsequent)

13. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, the Complaint is barred by virtue of the failure of a condition precedent or subsequent to the performance of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

14. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, Plaintiff by his acts, omissions and other tortious conduct of those chargeable to Plaintiff have prevented the performance of the acts alleged in the Complaint.

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Justification)**

15. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, the Complaint is barred since any alleged conduct of Defendant was justified.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Defendant Acted Reasonably and In Good Faith)**

16. Defendant avers that it acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time that it so acted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Failure to Join Indispensable Parties)**

17. As a separate and affirmative defense to the Complaint and each cause of action against Defendant, Defendant alleges that Plaintiff failed to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

### PRAYER

WHEREFORE, Defendant prays as follows:

1. The Complaint be dismissed in its entirety with prejudice;
2. Plaintiff takes nothing by his action against Defendant;
3. Defendant be awarded its costs of suit and attorney's fees incurred herein; and
4. Defendant be awarded such further relief as this Court deems just and proper.

Dated: May 10, 2013     **BRYAN CAVE LLP**
C. Scott Greene
Thomas S. Lee
Michael J. Peng

By: /s/ *Michael J. Peng*
Michael J. Peng
Attorneys for Defendant
BANK OF AMERICA, N.A.